Bruce SANFORD, et al., Appellees,

v.

Caspar WEINBERGER, et al.,
Appellants.

Dean K. ADAMS, et al., Appellees,

v.

UNITED STATES, Appellant.

Appeal Nos. 84–1425, 84–1426.

United States Court of Appeals,
Federal Circuit.

Jan. 11, 1985.

Ronald A. Schechter, Dept. of Justice, Washington, D.C., argued for appellants. With him on brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen, Washington, D.C.

Richard N. Stuckey and Sylvian R. Roybal, Denver, Colo., argued for appellees.

Before NIES, Circuit Judge, COWEN, Senior Circuit Judge, and BISSELL, Circuit Judge.

COWEN, Senior Circuit Judge.

Appellants (defendants) appeal from a judgment of the United States District Court for the District of Colorado, awarding appellees (plaintiffs) overtime pay for all hours worked in excess of 40 hours during their tours of duty, which spanned periods of 7 consecutive days. We reverse.

## I.

Plaintiffs are security guards at the Army's Rocky Mountain Arsenal in Colorado. To reduce costs following a reduction in force, their supervisors assigned them to new 28-day cyclical work schedules, which took effect in June 1977. Under these schedules, each employee worked a daily shift of 8 hours[1] for 7 consecutive days, followed by 2 days off. The second 7-day tour was also followed by 2 days off. The third 7-day tour was followed by 3 days off.

Previously, the Army had established by regulation an "administrative workweek" for guards at the arsenal which corresponded to the calendar week, running from 12:01 a.m. Sunday until midnight the following Saturday. The so-called "7–2, 7–2, 7–3" schedules were structured so that each guard would work 5 days in 3 of every 4 administrative workweeks and 6 days in the fourth administrative workweek.[2] By so structuring the guards' schedules, the agency considered itself obligated to pay each employee one day of overtime per 28-day cycle, plus overtime for all hours worked in excess of 8 hours per day. The agency also paid the guards at the rate of time and one-quarter for Sundays worked, none of which fell in the administrative workweek in which they worked 6 days.

Plaintiffs instituted the present action in the district court, claiming that the Army's work schedule violated section 7(a)(1) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a)(1), and 5 U.S.C. § 5542(a), part of the Federal Employees Pay Act (FEPA). These statutes provide that employees are to be compensated for all hours worked in excess of 40 hours in an administrative workweek at one and one-half times their regular hourly rate.[3]

The district court held that the government's work schedule was in violation of both FEPA and the FLSA. The primary ground for this holding was that the 7–2, 7–2, 7–3 schedule violates a regulation promulgated under FEPA, 5 C.F.R. § 610.-

---

1. The actual shift was 8½ hours. However, because the employees have received overtime pay for this extra half hour, this extra time was disregarded in the arguments of the parties.

2. The first administrative workweek in each 28-day cycle thus began with 2 days off.

3. Although FEPA expressly refers to the "administrative workweek," designated by the agency, as its focal point, the FLSA refers only to the "workweek." It has long been established under the FLSA, however, that the "workweek" consists of any 7 consecutive days starting with the same calendar day each week, designated by the employer. *See Harned v. Atlas Powder Co.,* 301 Ky. 517, 192 S.W.2d 378, 380 (1946). This makes the "workweek" under the FLSA essentially equivalent to FEPA's administrative workweek. Neither party herein has contended that the "administrative workweek" under FEPA is distinguishable from the "workweek" under the FLSA.

111(a)(1), which reads in pertinent part as follows:

> The head of each agency * * * shall establish by regulation * * * [a] basic workweek of 40 hours which does not extend over more than 6 of any 7 consecutive days.

The district court also cited 5 C.F.R. § 610.111(b), which read, at times pertinent to this litigation, as follows:

> (b) When it is impracticable to prescribe a regular schedule of definite hours of duty for each workday of a regularly scheduled administrative workweek, the head of an agency may establish the first 40 hours of duty performed *within a period of not more than 6 days of the administrative workweek* as the basic workweek, and additional hours of officially ordered or approved duty within the administrative workweek are overtime work.

[Emphasis added by district court.]

According to the district court, the Army's work schedule violated this provision, because it required arsenal guards to work 7 consecutive days. The district court found that because the guards' actual 7-day tours of duty constituted 56 hours of work, plaintiffs are entitled to overtime for all hours worked in excess of 40 hours for each of those periods, pursuant to FEPA, the FLSA, and 5 C.F.R. § 610.111(b). The district court also held that under FEPA and the FLSA, plaintiffs were entitled to overtime pay for all Sundays worked at time and one-half rates, rather than the time and one-quarter they were actually paid.

## II.

The key concept in this case is that of the administrative workweek. Under 5 U.S.C. § 6101(a)(2), it is within the discretion of department heads to establish a basic administrative workweek of 40 hours for each full-time employee in their organization. *See Acuna v. United States*, 479 F.2d 1356, 1362, 202 Ct.Cl. 206 (1973). The term "administrative workweek" is defined in 5 C.F.R. § 610.102(a) as "a period of 7 consecutive calendar days designated in advance by the head of an agency * * *."

■ Thus, it is within the parameters of the administrative workweek designated in advance by the Army that it must be determined whether plaintiffs were paid the proper amount of overtime. The number of consecutive days worked by employees, spanning more than one administrative workweek, is irrelevant to this determination. *See Harned v. Atlas Powder Co.*, 192 S.W.2d at 380–81; B–134864 (Comp. Gen. July 27, 1976); B–173779 (Comp.Gen. Nov. 22, 1971).

In the instant case, the parties do not dispute that the Sunday to Saturday administrative workweek was designated in advance by the agency, and that the Army paid plaintiffs at overtime rates for all hours worked in excess of 40 hours for each administrative workweek. Moreover, plaintiffs have not contended that the hours worked on Sundays, for which they were paid time and one-quarter, were not part of the "basic workweek," for which payment of overtime is not required.

■ Plaintiffs, instead, make the argument, which was apparently accepted by the district court, that each period of 7 consecutive days of work in the 7–2, 7–2, 7–3 schedule constitutes the true "administrative workweek," even though it was not designated as such by the agency. Plaintiffs further argue that the calendar week, designated as the administrative workweek by the agency, cannot be properly considered as such, because they work different days each calendar week. We find no support for this position in the applicable statutes or regulations. To the contrary, 5 U.S.C. § 6101(a) and 5 C.F.R. § 610.102(a) leave it solely to the agency to determine which 7 consecutive calendar days constitute the administrative workweek. Moreover, under 5 C.F.R. § 610.111(b), quoted *supra*, agency heads may designate the

first 40 hours of duty performed in an administrative workweek as the basic workweek, even if the hours do not fall at the same time in each calendar week, if it is impracticable to prescribe a regular schedule of definite hours. *See Acuna*, 479 F.2d at 1361–62.

We hold, therefore, that defendants' payments of regular and overtime pay to plaintiffs were not in violation of FEPA, the FLSA, or 5 C.F.R. § 610.111(b).

### III.

■ The remaining questions are whether the Army violated any statute or regulation by implementing a schedule in which employees worked 7 consecutive days, and if so, whether plaintiffs can recover from the United States for such violation. Review of FEPA and the FLSA shows us that plaintiffs' work shifts of 7 consecutive days do not violate any statutory provision contained therein. In fact, the only statute pertinent to this point is 5 U.S.C. § 6101(a)(2)(B), which states that agency heads shall:

require that the hours of work *within that* [administrative] *workweek* be performed within a period of not more than 6 of any 7 consecutive days.

[Emphasis added.]

Clearly, the 7–2, 7–2, 7–3 schedule does not violate this statute, since the hours of work within each administrative workweek are limited to no more than 6 consecutive days.

■ Plaintiffs do not rely on this or any other statute to argue that the scheduling of 7 consecutive workdays is illegal. They argue that the 7–2, 7–2, 7–3 schedule is in violation of one subsection of a regulation promulgated pursuant to the statute, 5 C.F.R. § 610.111(a)(1), quoted *supra*. Unlike the statute, this subsection does not state expressly that the "no more than 6 of any 7 consecutive days" rule is confined to each administrative workweek. Instead, if the provision is read in isolation, it might be interpreted to mean that agencies may

not implement work schedules in which employees work a "basic workweek" extending over more than 6 of any 7 consecutive days, even if those 7 days span more than one administrative workweek.

This court's view is that defendants' work schedule does not violate 5 C.F.R. § 610.111, when the regulation is read in its entirety. Another portion of the regulation, 5 C.F.R. § 610.111(a)(2), states that the 40-hour "basic workweek" described in subsection (a)(1) is to be one component of the "regularly scheduled administrative workweek." (The other component is the period of regularly scheduled overtime work, if any is required). The "regularly scheduled administrative workweek" is defined, in turn, in 5 C.F.R. § 610.102(b) as "the period within an administrative workweek" during which employees are required to be on duty regularly.

The governing regulations, therefore, prescribe that a "basic workweek" must fall entirely within an administrative workweek. *See Acuna*, 479 F.2d at 1362. Because plaintiffs concededly are not scheduled to work more than 6 consecutive days in any administrative workweek, they cannot be considered to have worked more than 6 consecutive days in any basic workweek. In fact, pursuant to 5 C.F.R. § 610.111(b), the guards' 40-hour basic workweek consisted of no more than 5 days, as it constituted merely the first 40 hours worked per administrative workweek. Thus, plaintiffs have not shown that defendant's scheduling of 7 consecutive days of work violated 5 C.F.R. § 610.-111.

■ Even if the Army's work schedule were found to be in violation of this regulation, however, plaintiffs have no basis upon which to recover the overtime pay they seek. A fundamental precept of law holds that no monetary damages can be awarded against the United States unless some provision of law commands the payment of same. *United States v. Testan*, 424 U.S.

640

392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Neither FEPA nor the regulations promulgated thereunder prescribes any penalty for failure by the government to comply with the scheduling requirements governing the number of consecutive days worked. Moreover, the FLSA, which does have a penalty provision, does not proscribe the scheduling of any number of consecutive workdays. Thus, even if the district court was correct in holding that defendant's schedule violated the scheduling regulations, it erred in assessing overtime pay as the penalty for such violation.

Accordingly, the judgment of the district court is reversed. The parties shall bear their own costs.

REVERSED.